**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EDWARD M. MATTHEWS and )<br>TERRY L. HAINES, )<br>)<br>Defendants. )<br>)<br>_____ )<br>)<br>LIBERTY MUTUAL FIRE INSURANCE )<br>COMPANY, )<br>)<br>Cross Claimant, )<br>)<br>v. )<br>)<br>TERRY L. HAINES, )<br>)<br>Cross Defendants. )<br>)<br>)<br>) | Case No. 1:11-cv-00810-TWP-DKL |

**ENTRY ON PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff Allstate Insurance Company's ("Allstate") and Defendant Terry L. Haines's ("Mr. Haines") cross-motions for summary judgment (Dkts. 32 and 35). The matter arises from an accident that occurred on December 28, 2008, wherein Mr. Haines's leg was injured when he fell off the back of Defendant Edward M. Matthews's ("Mr. Matthews") box truck. In December 2010, Mr. Haines filed suit against Mr. Matthews in the Marion Superior Court for damages resulting from the accident. Allstate insured Mr. Matthews's box truck and is providing Mr. Matthews a defense in the state court action under

reservations of rights. Allstate filed this action for a declaratory judgment under diversity jurisdiction on June 15, 2011. Allstate requests judgment that (1) the insurance policy provides no coverage for the December 28, 2008 accident as a result of Mr. Matthews's late notice, and (2) Allstate is not obligated to defend Mr. Matthews in a civil action filed against him by Mr. Haines. Mr. Haines has filed a cross motion seeking summary judgment in his favor. Mr. Haines was insured under an automobile insurance policy issued by Liberty Mutual Fire Insurance Company ("Liberty Mutual"), which afforded uninsured motorist coverage. Liberty Mutual has intervened and opposes Allstate's motion for summary judgment. Mr. Matthews is not represented by counsel and has not responded to the current motions. For the reasons set forth below, Allstate's motion for summary judgment (Dkt. 32) and Mr. Haines's motion for summary judgment (Dkt. 35) are **DENIED**.

## I. BACKGROUND

On December 28, 2008, Mr. Matthews agreed to deliver a gaming machine as a favor for Brian Nash ("Mr. Nash"), owner of B&T Sales, which distributed and sold gaming machines, tickets, and other electronic entertainment devices. Although Mr. Matthews had known Mr. Nash for many years and Mr. Matthews had made deliveries in the past, Mr. Matthews was not an employee of B&T Sales. Because of the size of the machine, Mr. Matthews needed help lifting the device, so he went to the local American Legion Hall in Edinburg, Indiana to find someone who would ride to Indianapolis with him and assist in making the delivery. Mr. Haines, who was an actual employee of B&T Sales, was at the American Legion Hall and agreed to help Mr. Matthews.[1] The two then drove to McQueen's Bar in Indianapolis in Mr. Matthews's box truck to deliver the gaming machine. Mr. Matthews parked the box truck fifty

---

[1] Mr. Haines had been employed by B&T Sales since 2000 as a distributor and foreman and as part of his job he would deliver pull-tabs and smaller gaming devices for the company.

2

feet from the bar's entrance. The men exited the truck, opened the tailgate, and rode the tailgate lift into the truck's back compartment. The men unstrapped the gaming machine and put the machine in position to be unloaded off the truck. Mr. Matthews lowered the lift, but it was still approximately eighteen inches off the ground when he told Mr. Haines, "let's go." Mr. Haines did not see or know that the lift was not on the ground when he stepped backwards off the lift and fell to the ground with the machine landing on top of him.

Mr. Matthews lifted the machine off of Mr. Haines and helped Mr. Haines into the passenger seat of the truck. Mr. Matthews finished delivering the machine with the help of someone from McQueen's Bar and then drove Mr. Haines back to the Edinburg American Legion so that Mr. Haines could get his truck. Mr. Haines suffered severe injury to his left leg and four months after the accident his left leg was amputated below the knee.

Mr. Haines's wife maintained the family's health insurance through her employer's private paid health plan, Encore Health Network ("Encore"). Sometime after the incident, Mr. Haines and his wife visited with Mr. Matthews. Mr. Haines indicated that his wife's insurance would probably take care of his medical bills. Mr. Matthews indicated that if there was a problem, everything would be okay because he had auto insurance on the box truck.

Encore did pay Mr. Haines's medical bills at first, but eventually rejected the bills on the ground that Mr. Haines's injuries were work-related and a workers compensation issue. Mr. Haines hired an attorney in the summer of 2010 and discovered he could seek payment of his bills under Mr. Matthews's auto insurance policy. Mr. Haines then informed Mr. Matthews that Encore had stopped paying his medical bills and he would be pursuing Mr. Matthews's insurance coverage.

After this discussion, Mr. Matthews contacted Allstate on July 10, 2010 to notify it about the accident with Mr. Haines. Mark Powers ("Mr. Powers") is the adjuster assigned to Mr. Haines's claim. According to Mr. Powers, had Allstate been provided with earlier notice of the incident, they would have been able to monitor Mr. Haines's injuries, contact his health care providers, and investigate the issue of Mr. Haines's and Mr. Matthews's employment with B&T Sales. Shortly after this incident, Mr. Nash sold B&T Sales, which now does business as Indiana Alltabs. Mr. Nash was subpoenaed for a deposition in this case and failed to appear. Further, Allstate has not been able to contact McQueen's Bar and interview potential witnesses.[2] Allstate alleges they have been prejudiced by the delayed notice. On December 3, 2010, Mr. Haines filed suit against Mr. Matthews for negligence in state court. Allstate subsequently filed this declaratory judgment action in this Court.

## II. LEGAL STANDARD

Summary judgment is only appropriate by the terms of Rule 56(c) where there exists "no genuine issue as to any material facts and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. This notion applies equally where, as here, opposing parties each move for summary judgment in their favor pursuant to Rule 56. *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 774 (7th Cir. 1996). Indeed, the existence of cross-motions for summary judgment does not necessarily mean that there are no genuine issues of material fact. *R.J. Corman Derailment Serv., Inc. v. Int'l Union of Operating Eng'rs.*, 335 F.3d 643, 647 (7th Cir. 2003). Rather, the process of taking the facts in the light most favorable to the nonmovant, first for one side and then for the other, may reveal that neither side has enough to prevail without a trial. *Id.* at 648. "With cross-motions, [the Court's] review of the record requires that [the Court] construe all

---

[2] By the time Allstate was notified of the December 2008 accident, McQueen's Bar had changed ownership and management.

inferences in favor of the party against whom the motion under consideration is made." *O'Regan v. Arbitration Forums, Ins.*, 246 F.3d 975, 983 (7th Cir. 2001) (quoting *Hendricks–Robinson v. Excel Corp.*, 154 F.3d 685, 692 (7th Cir. 1998)).

### III. DISCUSSION

Allstate has filed for summary judgment, asserting there is no genuine issue of material fact that Mr. Matthews failed to provide reasonable notice, thereby prejudicing Allstate's investigation of Mr. Haines's claim. Mr. Haines has filed for summary judgment, asserting that as a matter of law, Allstate is required to pay his claim under Mr. Matthews's auto insurance policy.

**A.  Relevant Policy Provisions**

Mr. Matthews's auto insurance policy with Allstate provides as follows:

> **Insuring Agreement**
> …You agree to also review those sections of this policy which relate to those coverages issued to you so that you fully understand the insurance protection you are receiving…
>
> **What To Do If There Is A Loss**
> 1. If an insured person has an accident involving a motor vehicle, Allstate or any authorized agent of Allstate must be informed promptly of all details. As soon as possible, any person making a claim must give us written proof of loss, including all details we may need to determine the amounts payable.

Dkt. 1-1 at 15. The policy further provides:

> **General Statement of Coverage**
> If a premium is shown on the Policy Declarations for Bodily Injury Liability Coverage, Allstate will pay damages which an insured person is legally obligated to pay because of:
> 1. bodily injury sustained by any person, and
> 2. damage to, or destruction of, property including loss of use.
> Under these coverages, your policy protects an insured person from liability for damages arising out of the ownership, maintenance or use, loading or unloading of an insured auto.

Dkt. 1-1 at 17.

**B.     Applicable Indiana Law**

The law is well settled in Indiana that "notice is a threshold requirement which must be met before an insurer is even aware that a controversy or matter exists which requires the cooperation of the insured. The notice requirement is material, and the essence of the contract." *Miller v. Dilts*, 463 N.E.2d 257, 265 (Ind. 1984) (internal quotation marks omitted). In *Miller*, the Indiana Supreme Court held:

> The requirement of prompt notice gives the insurer an opportunity to make a timely and adequate investigation of all the circumstances surrounding the accident or loss. This adequate investigation is often frustrated by a delayed notice. Prejudice to the insurance company's ability to prepare an adequate defense can therefore be presumed by an unreasonable delay in notifying the company about the accident or about the filing of the lawsuit. This is not in conflict with the public policy theory that the court should seek to protect the innocent third parties from attempts by insurance companies to deny liability for some insignificant failure to notify. The injured party can establish some evidence that prejudice did not occur in the particular situation. Once such evidence is introduced, the question becomes one for the trier of fact to determine whether any prejudice actually existed. The insurance carrier in turn can present evidence in support of its claim of prejudice. Thus, both parties are able to put forth their respective positions in the legal arena.

*Id.* at 265–66; *see Sheehan Constr. Co. v. Cont'l Cas. Co.*, 938 N.E.2d 685, 689 (Ind. 2010) (on rehearing). Where there is actual prejudice, the insurance company is relieved of its liability under the policy. *Erie Ins. Exch. v. Stephenson*, 674 N.E.2d 607, 611 (Ind. Ct. App. 1996). "When the facts of the case are not in dispute, what constitutes reasonable notice is a question of law for the court to decide." *P.R. Mallory & Co., Inc. v. Am. Cas. Co. of Reading, Pa.*, 920 N.E.2d 736, 749 (Ind. Ct. App. 2010). Thus, the Court must undertake a two-part analysis. First, the Court will determine whether Mr. Matthews unreasonably delayed providing notice to Allstate. Second, if the delay was unreasonable then prejudice is presumed, and Defendants must put forth "some evidence" to rebut this presumption. "Where the insured presents

6

sufficient evidence to rebut the presumption, the burden shifts back to the insurer to establish prejudice." *Liberty Mut. Ins. Co. v. OSI Indus., Inc.*, 831 N.E.2d 192, 203 (Ind. Ct. App. 2005).

### C. Whether Mr. Matthews's Notice Was Reasonable

Mr. Matthews's policy requires that notice be given "promptly" and "as soon as possible." Indiana courts have construed similar phrases as requiring "reasonable notice." *See, e.g.*, *Stephenson*, 674 N.E.2d at 611; *Shetler Mut. Ins. Co. v. Barron*, 615 N.E.2d 503, 506 (Ind. Ct. App. 1993); *Hartford Accident & Indem. Co. Hartford, Conn. v. Armstrong*, 127 N.E.2d 347, 350 (Ind. Ct. App. 1955). Thus, Mr. Matthews was required to give reasonable notice to Allstate of Mr. Haines's accident.

It is undisputed that Mr. Haines's accident occurred on December 28, 2008, and Mr. Matthews did not give Allstate notice until nearly a year and a half later, on July 10, 2010. Allstate and Mr. Haines each cite Indiana cases to support their views that the notice either was or was not reasonable.[3] For example, Allstate cites *Askren Hub States Pest Control Services, Inc. v. Zurich Insurance Co.*, 721 N.E.2d 270 (Ind. Ct. App. 1999), in which the Indiana Court of Appeals held that a six month delay in notice was unreasonable. Mr. Haines cites *Metropolitan Life Insurance Co. v. People's Trust Co.*, 98 N.E. 513 (Ind. 1912), in which a two year delay in notice was excusable. However, in *Metropolitan Life*, the life insurance policy at issue did not

---

[3] Mr. Haines also contends the policy's notice requirement is ambiguous. He specifically argues that "most reasonably intelligent people would interpret [the notice] phrase to mean if a person is involved in an automobile accident involving a motor vehicle they are driving, they need to promptly inform Allstate or any authorized agent of Allstate of all details." Dkt. 36 at 12. The Court cannot agree. The insurance policy's notice requirement is clear that "[i]f an insured person has an accident involving a motor vehicle," Allstate must be given notice. Dkt. 1-1 at 15. "Involving a motor vehicle" is not limited to "driving a motor vehicle," and the Court finds Mr. Haines's interpretation is unreasonable. Furthermore, the policy's coverage section sets forth that coverage is provided "for damages arising out of the ownership, maintenance or use, *loading or unloading of an insured auto*." Dkt. 1-1 at 17 (emphasis added). The policy specifically envisions coverage for an accident of the exact nature that occurred in this case. Finally, Mr. Haines argues that he did not know he could submit his claim with Mr. Matthews's auto insurance until he consulted an attorney in 2010. The Court does not doubt this fact, but Mr. Haines's knowledge is not relevant to whether Mr. Matthews provided reasonable notice to Allstate.

have a notice clause and the beneficiaries were ignorant of the policy's existence until days before the notice was filed. *Id.* at 515.

The Court agrees with Allstate and intervener Liberty Mutual, who concedes notice was unreasonable, and finds that in this case the nearly twenty-month delay in notice was unreasonable. The undisputed evidence establishes that sometime after the accident, but before Encore stopped paying Mr. Haines's medical bills, Mr. Matthews indicated he had an auto insurance policy that might cover Mr. Haines's medical bills. *See* Dkt. 35-1 at 28, 54:5–11. Even if Mr. Matthews relied upon Mr. Haines's representation that his wife's insurance would cover his medical bills, Allstate was entitled to notice as soon as possible after the accident, regardless of whether Mr. Matthews anticipated that a claim would be filed. *See Stephenson*, 674 N.E.2d at 611. Further, Mr. Haines's argument that Mr. Matthews did not know that his auto insurance policy would provide coverage for this type of accident is without merit. As stated in the policy, Mr. Matthews had a duty to review and understand the insurance protection he was receiving. Therefore, the Court finds that Mr. Matthews's twenty-month delay in notifying Allstate of Mr. Haines's accident was unreasonable.

**D.** **Whether Defendants Have Rebutted the Presumption of Prejudice**

Because the Court has found there was unreasonable notice, prejudice to Allstate is presumed. To survive summary judgment, Defendants must therefore present "some evidence" that rebuts the presumption. The Court finds that the evidence put forth by Mr. Haines and Liberty Mutual meets this standard.

In *Stephenson*, the court found that despite an unreasonable four-year delay in notice, the presumption of prejudice was rebutted. It was sufficient that the defendant was a witness to the accident and had recalled the accident in deposition testimony, defendant had located the three

8

non-party witnesses and had spoken to each about testifying on his behalf, the plaintiff was the only other witness, defendant owned the property where the accident occurred, and there was nothing to suggest that the passage of time would have affected the physical features of the area. *Stephenson*, 674 N.E.2d at 612.  In contrast, in *Askren*, the defendant did not rebut the presumption of prejudice.  In that case, the defendant had not preserved vital evidence of a termite infestation and conducted repair work that made it impossible for plaintiff to undertake a meaningful investigation of the claim.  718 N.E.2d at 280.

The evidence presented in this case is that Mr. Matthews and Mr. Haines, the only two parties to the accident, have given depositions in which they have testified fully regarding the events leading up to the accident, the accident itself, and the conduct of the parties after the accident.  Both men testified there were no other witnesses to the accident and that neither man was acting as an employee of B&T Sales at the time of the accident.  Therefore, Mr. Haines and Liberty Mutual argue Allstate has not been prejudiced by the delayed investigation because the essential parties are available and have testified by deposition.

Allstate responds that this evidence does not alleviate the prejudice it has faced.  Allstate argues that it is prejudiced specifically because B&T Sales has changed ownership, B&T Sales's employment records are unavailable, and Allstate has been unable to depose Mr. Nash, as he failed to appear under subpoena.  Furthermore, Allstate argues that it cannot rely on the word of Mr. Matthews and Mr. Haines that no other witnesses exist, and that the delay prevented it from finding witnesses at McQueen's Bar.

The Court finds that while Mr. Haines's and Liberty Mutual's evidence does not rebut the presumption as a matter of law requiring summary judgment in favor of Defendants, it does satisfy the standard of setting forth "some evidence" to rebut the presumption of prejudice.

Despite Allstate's arguments to the contrary, the evidence provided is sufficient under Indiana law.[4] Accordingly, the burden shifts back to Allstate to establish prejudice.

### E.  Whether Allstate Has Suffered Actual Prejudice as a Matter of Law

Allstate contends it has suffered actual prejudice in three specific areas.  First, Allstate argues it was unable to monitor Mr. Haines's injury and make contact with his health care providers early after the accident.  Had Allstate been notified soon after the accident, it argues it could have monitored Mr. Haines's medical care and treatment, as well as determined whether the amputation was caused by a preexisting condition.[5]  Second, Allstate argues it was unable to interview potential witnesses that were at McQueen's Bar.  Allstate notes that McQueen's Bar has changed ownership since the accident, which adds to its difficulty.  Third, Allstate argues it was unable to make contact with B&T Sales before it was sold to determine if Mr. Matthews and Mr. Haines were both employees at the time of the accident.[6]

In response, Liberty Mutual argues first, that Allstate had no right under its policy to direct or control any care sought by Mr. Haines for his injury.  Further, Allstate has not alleged that it has been unable to obtain Mr. Haines's medical records, depose treating physicians, or arrange for an independent physical examination.  Despite the passage of time, investigation of the medical records, treating physicians and an independent examination would still allow Allstate to evaluate Mr. Haines's medical condition, including whether a preexisting condition

---

[4] The Court is further persuaded by Mr. Haines's and Liberty Mutual's arguments that Allstate has either never requested or further attempted to secure the information it argues it has been unable to investigate.  For example, although Mr. Nash was subpoenaed and failed to appear for his deposition, Allstate did not exercise its options provided under Fed. R. Civ. Pro. 45 if a witness fails to comply with a subpoena.

[5] Though the Court does not find it relevant to the issues before it, Allstate notes that Mr. Haines suffered an accident as a child that required the amputation of three toes on his left foot.  Therefore, Allstate speculates this injury may have contributed or necessitated the amputation of the lower left leg.

[6] Although Allstate asserts prejudice on this issue, it has withdrawn its claim that the co-employee exclusion in the policy precludes coverage for Mr. Haines's claim.

exacerbated the injury. Second, Allstate has not put forth any evidence that meaningfully disputes Mr. Matthews's and Mr. Haines's testimony that there were no non-party witnesses to the accident. Third, the only evidence Allstate has cited to support its contention that Mr. Matthews and Mr. Haines were both employees of B&T Sales is the hearsay statement that Encore discontinued coverage because Mr. Haines's injuries were work-related. On this point, Mr. Haines further argues he provided Allstate with Mr. Matthews's tax returns from the relevant time period that show Mr. Matthews was never employed by B&T Sales.

Considering this evidence in the light most favorable to the non-moving party suggests that Allstate still has the ability to investigate Mr. Haines's injury and medical history, that Mr. Matthews and Mr. Haines were the only witnesses, and that Mr. Matthews was not an employee of B&T Sales, the Court cannot determine as a matter of law that Allstate was actually prejudiced by the delay in notice. The Court will follow the Indiana Supreme Court's directive that once a party establishes "*some evidence* that prejudice did not occur in the particular situation . . . . the question becomes one for the trier of fact to determine whether any prejudice actually existed." *Miller*, 463 N.E.2d at 265–66 (emphasis added). Likewise, because the question of whether Allstate has been prejudiced by the delayed notice exists, Mr. Haines is not entitled to a declaration by the Court that the policy provides coverage or that Allstate is obligated to defend Mr. Matthews in the state court action.

## IV. CONCLUSION

For the reasons set forth above, Allstate's motion for summary judgment (Dkt. 32) is **DENIED**. Mr. Haines's motion for summary judgment (Dkt. 35) is also **DENIED**.

SO ORDERED. 10/30/2012

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

11

DISTRIBUTION:

EDWARD M. MATTHEWS
5392 S. 725 W.
Morgantown, Indiana  46160

Diana Carol Bauer
CARSON BOXBERGER LLP
bauer@carsonboxberger.com

Richard P. Samek
CARSON BOXBERGER LLP
samek@carsonboxberger.com

E. Ralph Hoover
CRAVEN, HOOVER & BLAZEK, P.C.
rhoover@chblawfirm.com

Mark D. Gerth
KIGHTLINGER & GRAY
mgerth@k-glaw.com